DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **CHRYSOSTAMOS KANARIDIS,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**MERRELL WILLIAMS, JR.,** Trustee of the )<br>**Merrell Williams, Jr. Revocable Trust** )<br>**Established by Written Agreement** )<br>**Dated June 25, 2001,** )<br>)<br>*Defendant.* )<br>_____) | Civil Action No. 2012-0049 |

**Appearances:**
**Chrysostamos Kanaridis,** *Pro Se*
    *For the Plaintiff*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the "Motion to Reinstate" filed by Plaintiff Chrysostamos Kanaridis ("Kanaridis"), appearing *pro se*, on November 5, 2014. (Dkt. No. 55). In his Motion, Kanaridis asks that his case be "reinstated for final judgment releasing our title back to the proper owner Chrystostomos Kanaridis." *Id.* For the reasons that follow, the Court will construe Kanaridis' filing as a Motion for Relief under Fed. R. Civ. P. 60(b)(1), and will grant the motion in part, to the extent that Kanaridis seeks to reinstate his case. In accordance with Fed. R. Civ. P. 25(1)(1), the Court will allow Kanaridis until April 13, 2015 to file a motion to substitute an appropriate Defendant. Plaintiff must also serve the appropriate party as required by Rule 25(a)(3). The Court will deny Kanaridis' motion in part to the extent that he seeks substantive relief.

**PROCEDURAL HISTORY**

The procedural history of this case has been set forth in the Court's Order dated May 28, 2014 (Dkt. No. 49) and in the Order Dismissing Case dated September 19, 2014 (Dkt. No. 53). The Court will reprise the procedural history solely to set the context for its decision on Kanaridis' Motion to Reinstate.

In his Complaint filed on May 5, 2012, Kanaridis alleged causes of action for fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing related to the alleged breach of a settlement agreement between Defendant Merrell Williams, Jr. and Kanaridis. (Dkt. No. 1).[1] On December 10, 2013, the Court received a letter from Christina Daltro, Defendant Williams' wife, who stated that Williams passed away on November 18, 2013. (Dkt. No. 43). She indicated that she would forward a copy of the Death Certificate to the Court when she received it. *Id.* The Magistrate Judge of this Court, the Honorable George W. Cannon, held a telephonic status conference on December 17, 2013. Kanaridis—who lives in Wyoming—confirmed that he received documents from the Court and that he was aware that Defendant had died. He stated that he would like his pending Motion for Summary Judgment to be decided. Judge Cannon suggested to Kanaridis that he retain an attorney. (Dkt. No. 44).

---

[1] The Complaint alleges that Kanaridis bought a house from Williams, and executed a Promissory Note secured by a Mortgage on the property. Kanaridis also bought furniture from Williams secured by a second subordinated lien and promissory note. (Dkt. No. 1, ¶ 1). When Kanaridis was unable to pay the second note, he agreed—pursuant to a settlement agreement resulting from an action in Superior Court—to return the furniture and house on the condition that Williams would pay the mortgage and refinance it or cause the release of the mortgage so that Kanaridis would have no more liability. *Id.* Kanaridis alleges that Williams violated the settlement agreement because he never assumed the mortgage. As a result, Kanaridis continued to pay the mortgage—on a home that belongs to Williams—in order to maintain his credit. He seeks judgment rescinding the settlement agreement and declaring him the rightful owner of the property. *Id.* at p. 5.

2

Subsequently, on February 27, 2014, Judge Cannon held another telephonic status conference. (Dkt. No. 48). Kanaridis stated he had received Defendant Williams' Death Certificate. Magistrate Judge Cannon again suggested to Kanaridis that he may wish to consider hiring counsel but that, if he continued to proceed *pro se* in this case, he would be required to follow the Federal Rules of Civil Procedure. Judge Cannon also informed Kanaridis that the case could be dismissed upon failure to prosecute pursuant to the Federal Rules.

Following the status conference, there were no further entries on the docket. Thereafter, on May 28, 2014, the Court issued an Order stating that although Kanaridis was proceeding *pro se*, he was still required to follow the dictates of the Federal Rules of Civil Procedure—in particular, Rule 25 which governs substitution of parties if a party dies during the course of a case.[2] The Court considered the May 28, 2014 Order as the beginning of the 90-day period set forth in Rule 25(a)(1) for substitution of a party, *see Labounty v. Coughlin*, 2003 WL 21692766, at *5 (S.D.N.Y. July 31, 2003), and ordered that Kanaridis had until August 28, 2014 to move to substitute an appropriate Defendant pursuant to Rule 25(a). (Dkt. No. 49). The Court's docket indicates that Kanaridis was sent a copy of the May 28, 2014 Order by first-class mail and also by e-mail. (Dkt. No. 50).

On June 13, 2014, the May 28, 2014 Order was returned as undeliverable because the copy sent by first-class mail was misdirected. (Dkt. No. 51). On the same day that the Order was

---

[2] Fed. R. Civ. P. 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Rule 25(a)(3) provides how service of a motion to substitute is to be effected.

3

returned, the Deputy Clerk re-sent it to Kanaridis. However, instead of indicating a Laramie, Wyoming zip code of 82072, the Order was mistakenly sent to Kanaridis with a 83072 zip code. (Dkt. No. 52).

Kanaridis did not file a motion to substitute by August 28, 2014. As a result, on September 19, 2014, the Court—unaware of any problems associated with the delivery of the May 28th Order to Kanaridis—issued an Order Dismissing the Case. (Dkt. No. 53). The Court found that Kanaridis had not moved to substitute a proper party for the deceased Defendant; over ninety days had passed; and, pursuant to the dictates of Rule 25, the action against the decedent should be dismissed. *See Brown v. Bohinski,* 2014 WL 3881967, at *5 (M.D. Pa. Aug. 7, 2014) (after statement of defendant's death was served on plaintiff, more than ninety days had passed, and no motion to substitute a representative of the defendant's estate in accordance with Rule 25(a)(1) had been filed, court dismissed complaint against defendant). The Court sent Kanaridis notice of the Order Dismissing Case on September 22, 2014 to his address in Laramie, Wyoming. The address contained the incorrect 83072 zip code. (Dkt. No. 54).

In his Motion to Reinstate,[3] Kanaridis points out that he had notified the Court Clerk that the Court had sent him incorrect paperwork on May 28, 2014. (Dkt. No. 55). He asserts that he "[n]ever received mail pertaining to our case 5-28-14" and adds that if the Court had re-sent a notice, it "was not received . . . because the clerk put the wrong zip code[,] 83072 instead of 82072." *Id.* He argues that because of the failures by the Clerk's Office, and because the September 19, 2014 Order Dismissing Case—which he acknowledges receiving—was "unjustly

---

[3] The Court notes that Kanaridis' Motion is unsigned and includes two letters to the Court signed by Matthew Munoz who is not a party to this action, has not entered an appearance as counsel for Kanaridis, and is not otherwise identified. (Dkt. Nos. 55, 55-1, 55-2).

4

filed and incorrect," the Court should reinstate the case and provide him with relief on the merits: "a court order Placing the title for our home title back in our name." *Id.*

## DISCUSSION

This case has been plagued with administrative errors on the part of the District Court Clerk's Office that have either delayed or prevented Kanaridis' receipt of important Court documents. As a result, this Court cannot state with any degree of certainty that Kanaridis ever received a copy of the May 28, 2014 Order which directed him to move to substitute an appropriate Defendant, pursuant to Federal Rule of Civil Procedure 25(a), by August 28, 2014 or face dismissal of his lawsuit. (Dkt. No. 49).

Given these facts, the Court will construe Kanaridis' Motion to Reinstate as a Motion for Relief under Rule 60(b)(1), which allows a party to seek relief from a final judgment and request reopening of a case under a limited set of circumstances, including excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Curran v. Howmedica Osteonics*, 425 F. App'x 164, 166 (3d Cir. 2011) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare,* 572 F.2d 976, 977 (3d Cir. 1978)). To determine whether neglect is excusable under Rule 60(b)(1), a court must "take into account the totality of the circumstances." *Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 910 (3d Cir. 2010) (citing *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000)). "Essentially, the determination of whether neglect is excusable is an equitable one, and requires consideration of the risk of prejudice to the non-movant, the length of the delay, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant

acted in good faith." *Otis v. Chesapeake Appalachia, LLC*, 2012 WL 1657930, at *3 (M.D. Pa. May 11, 2012) (citing cases).

Here, there is no prejudice to the non-movant, as there is no opposing party. Further, the two-month delay in responding to the May 28, 2014 Order is explained by Kanaridis' assertion that he did not receive the Order which notified him of the deadline by which he was required to file the motion to substitute. Accordingly, the Court finds that Kanaridis should not be held responsible for missing the deadline. Finally, nothing suggests that Kanaridis acted in bad faith.

Considering the equities under the circumstances here, the Court will grant Kanaridis relief from final judgment and will reopen his case. The Court will allow Kanaridis another ninety-day period, until April 13, 2015, within which to file a motion to substitute an appropriate Defendant. The Court cautions that if a motion to substitute an appropriate party for the deceased Defendant is not filed by that date, the case will be dismissed.

## ORDER

**UPON CONSIDERATION** of the foregoing, and the entire record in this case, it is hereby

**ORDERED** that Plaintiff's "Motion to Reinstate" (Dkt. No. 55), construed as a Motion for Relief from Final Judgment pursuant to Rule 60(b)(1), is **GRANTED IN PART** to the extent that Kanaridis has requested that his case be reopened; and it is further

**ORDERED** that this case is **REOPENED**; and it is further

**ORDERED** that Plaintiff shall have up to and including **April 13, 2015** within which to file a Motion to Substitute an appropriate Defendant in this case pursuant to Rule 25(a)(1); and it is further

**ORDERED** that the Plaintiff shall serve the appropriate Defendant as required by Rule 25(a)(3); and it is further

**ORDERED** that Plaintiff's "Motion to Reinstate" is **DENIED IN PART**, **WITHOUT PREJUDICE**, to the extent that Kanaridis seeks substantive relief.

**SO ORDERED**.

Date: January 8, 2015                                                                 _____/s/_____
                                                                                                    WILMA A. LEWIS
                                                                                                    Chief Judge