DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| CHRYSOSTAMOS KANARIDIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2012-0049 |
| | ) | |
| MERRELL WILLIAMS, JR., Trustee of the | ) | |
| Merrell Williams, Jr. Revocable Trust | ) | |
| Established by Written Agreement | ) | |
| Dated June 25, 2001, | ) | |
| | ) | |
| Defendant. | ) | |

Appearances:
Chrysostamos Kanaridis, *Pro Se*
    *For the Plaintiff*

## MEMORANDUM OPINION

THIS MATTER comes before the Court following service on Plaintiff Chrysostamos Kanaridis ("Kanaridis") of the Memorandum Opinion and Order dated January 8, 2015 which reinstated this case, and which allowed Kanaridis until April 13, 2015 "to file a motion to substitute an appropriate Defendant" pursuant to Fed. R. Civ. P. 25. (Dkt. No. 56). Because Kanaridis has not filed a motion to substitute, this case will be dismissed.

On May 3, 2012, Kanaridis filed a Complaint alleging causes of action for fraud, breach of contract, and breach of the implied covenant of good faith and fair dealing related to the alleged breach of a settlement agreement by Defendant Merrell Williams, Jr. (Dkt. No. 1). On December 10, 2013, the Court received a letter from Defendant Williams' wife who stated that Williams passed away on November 18, 2013. (Dkt. No. 43). The Magistrate Judge of this Court, the Honorable George W. Cannon, Jr., held a telephonic status conference on December

17, 2013. Kanaridis—who lives in Wyoming—confirmed that he was aware that Defendant Williams had died. (Dkt. No. 44).

Subsequently, on February 27, 2014, Judge Cannon held another telephonic status conference. (Dkt. No. 48). Kanaridis stated he had received Defendant Williams' Death Certificate. Magistrate Judge Cannon informed Kanaridis that if he continued to proceed *pro se* in this case, he would be required to follow the Federal Rules of Civil Procedure, and that the case could be dismissed upon failure to prosecute pursuant to the Federal Rules.

On May 28, 2014, the Court issued an Order stating that, although Kanaridis was proceeding *pro se*, he was still required to follow the dictates of the Federal Rules of Civil Procedure—in particular, Rule 25 which governs substitution of parties if a party dies during the course of a case. (Dkt. No. 49).[1] The Court considered the May 28, 2014 Order as the beginning of the 90-day period set forth in Rule 25(a)(1) for substitution of a party, *see Labounty v. Coughlin*, 2003 WL 21692766, at *5 (S.D.N.Y. July 31, 2003), and ordered Kanaridis to move to substitute an appropriate Defendant pursuant to Rule 25(a) by August 28, 2014. *Id.* On June 13, 2014, the May 28, 2014 Order was returned as undeliverable because the copy sent by first-class mail had been misdirected. (Dkt. No. 51). On the same day that the Order was returned, the Deputy Clerk re-sent it to Kanaridis, but with the wrong zip code. (Dkt. No. 52).

---

[1] Fed. R. Civ. P. 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Rule 25(a)(3) provides how service of a motion to substitute is to be effected.

2

Kanaridis did not file a motion to substitute by August 28, 2014. As a result, on September 19, 2014, the Court—unaware of any problems associated with the delivery of the May 28th Order to Kanaridis—issued an Order Dismissing the Case. (Dkt. No. 53). The Court found that Kanaridis had not moved to substitute a proper party for the deceased Defendant; over ninety days had passed; and, pursuant to the dictates of Rule 25, the action against the decedent should be dismissed. *See Brown v. Bohinski,* 2014 WL 3881967, at *5 (M.D. Pa. Aug. 7, 2014) (after statement of defendant's death was served on plaintiff, more than ninety days had passed, and no motion to substitute a representative of the defendant's estate in accordance with Rule 25(a)(1) had been filed, court dismissed complaint against defendant). The Court sent Kanaridis notice of the Order Dismissing Case on September 22, 2014 to his address in Laramie, Wyoming. The address contained the incorrect zip code. (Dkt. No. 54).

Kanaridis then filed a Motion to Reinstate, pointing out that the Clerk of Court had sent him incorrect paperwork; that he "[n]ever received mail pertaining to our case 5-28-14"; and that because the September 19, 2014 Order Dismissing Case was "unjustly filed and incorrect," the Court should reinstate the case and provide him with relief on the merits. (Dkt. No. 55).

In a January 8, 2015 Memorandum Opinion and Order, the Court construed Kanaridis' Motion to Reinstate as a Motion for Relief under Rule 60(b)(1) and, considering the equities in this matter, granted Kanaridis relief from final judgment and reopened his case. (Dkt. No. 56). The Court allowed Kanaridis another ninety-day period, until April 13, 2015, within which to file a motion to substitute an appropriate Defendant. The Court cautioned him that if a motion to substitute an appropriate party for the deceased Defendant was not filed by that date, the case would be dismissed. *Id.* The Docket Report indicates that the January 8 2015 Memorandum Opinion and Order was sent to Kanaridis' correct address. (Dkt. No. 58). The Docket Report also reflects that, on March 5, 2015, Kanaridis telephoned the Court to say that he had misplaced the

Memorandum Opinion and Order, and asked the Court to forward him another copy, which was done. Kanaridis' call to the Court confirms that he received a copy of the Court's January 8, 2015 Memorandum Opinion and Order. (Dkt. Report entry on 3/5/2015).

On March 17, 2015, Kanaridis filed a motion in which he once again sought relief on the merits of his Complaint, including to have title to the property at issue placed in his name and to recover damages. (Dkt. No. 59). He indicated that his motion was mailed "to the defend[a]nts estate via certif[ied] and regular mail on March 9, 2015 to 13720 Puerto Road, Ocean Spring, MA 39564." *Id.* However, Kanaridis did not file a motion with the Court to substitute an appropriate Defendant pursuant to Fed. R. Civ. P. 25 and as ordered by the Court in its January 8, 2015 Order. Nor has Kanaridis filed a Motion to Substitute since that time, notwithstanding the passage of the April 13, 2015 deadline.

Although he is proceeding *pro se*, Kanaridis is still required to follow the dictates of the Federal Rules. *See Bizzell v. Tennis*, 449 F. App'x 112, 115 n.3 (3d Cir. 2011) (noting that *pro se* status is no excuse for failure to follow Federal Rules) (citing *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)). Here, after more than sufficient notice, Plaintiff has not moved to substitute an appropriate party for the deceased Defendant in this case. The record reflects that Kanaridis was aware of Williams' death as early as December 17, 2013, as indicated in a status conference with Magistrate Judge Cannon. At a February 27, 2014 status conference, Kanaridis acknowledged that he had received a copy of Williams' death certificate. On May 28, 2014, the Court issued an Order requiring Kanaridis to substitute a representative for Defendant Williams by August 28, 2014. (Dkt. No. 49). On September 19, 2014, the Court dismissed this case on the grounds that Kanaridis had not filed a Motion to Substitute a Defendant pursuant to Rule 25(a) by the deadline provided in the May 28, 2014 Order. (Dkt. No. 53). Then, in January 2015, the Court reopened the case because Kanaridis claimed he had not received the Court's May 28,

2014 Order upon which the September 2014 dismissal had been based. (Dkt. No. 56). The January 2015 Memorandum Opinion and Order provided Kanaridis with another ninety-day period—until April 13, 2015—in which to move to substitute an appropriate party for the deceased Defendant. That ninety-day period has passed without Kanaridis filing a Rule 25 motion to substitute.

The dictates of Rule 25 are clear: under the circumstances here, the action against the decedent must be dismissed. *See Rocco v. Bickel,* 2013 WL 4000886, at *3 (M.D. Pa. Aug. 5, 2013) (accepting magistrate judge's recommendation to dismiss case because no substitution of deceased party was made within ninety day period provided in Rule 25(a)); *Farrington v. Benjamin,* 100 F.R.D. 474, 475 (D.V.I. 1984) (dismissing case pursuant to Rule 25(a)(1) where motion to substitute was not made within ninety days of suggestion of death on court record). Accordingly, the Court will dismiss this action.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 5, 2015

_____/s/_____
WILMA A. LEWIS
Chief Judge